# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SAVVAS CHARALAMBOUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket no. 2:10-cv-375 |
| | ) |
| ELIZABETH ROHNERT CHARALAMBOUS, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order (Docket # 19). The Motion seeks an order "prohibiting Respondent from submitting the Children to any kind of counseling or psychological evaluation, interview or treatment without leave of the Court and/or consent of Petitioner." Having reviewed the Motion, along with the attached affidavit and exhibit, as well as the entire docket, the Court hereby DENIES the Motion.

The extraordinary remedy of a temporary restraining order is available under Federal Rule of Civil Procedure 65 only to a litigant facing a threat of irreparable harm "before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1). In this case, the Respondent has received notice of the request but has not yet had an opportunity to respond. Nonetheless, "the standards for issuing a TRO are substantively similar to those for a preliminary injunction." Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc., 564 F. Supp. 2d 63, 66 (D. Me. 2008) (citations omitted). Petitioner, as the moving party, bears the burden of persuasion to show: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 29 n.5 (1st Cir. 2010) (citation omitted).

On the current record, there is a substantial likelihood that Petitioner will be able to establish that the Children are habitual residents of Cyprus and that they have been wrongfully retained in the United States. However, such a finding would not prevent the Respondent from

1

establishing one of the Hague Covention's narrow exceptions, including the "grave risk" defense. In fact, Respondent has indicated her intent to present a "grave risk" affirmative defense to Petitioner's allegation that she has wrongfully retained their minor children in the United States in violation of Hague Convention on the Civil Aspects of International Child Abduction (Convention) and the implementing statute, the International Child Abduction Remedies Act (ICARA), 42 U.S.C. § 11601 et seq. (See Answer to Compl. (Docket # 13) at 5; see also Abbott v. Abbott, 130 S. Ct. 1983, 1997 (2010) ("Return is not required if the abducting parent can establish that a Convention exception applies. One exception states return of the child is not required when "there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.") (citation omitted).)

Based on the limited record currently available, Respondent is entitled to conduct today's planned evaluation in preparation for the evidentiary hearing. Quite simply, it would be impossible for the Court to determine whether there exists clear and convincing evidence of grave risk absent evaluation of the Children. Indeed, in the context of a Hague case with the assertion of a "grave risk" defense, evaluations of the type Petitioner has planned at Spurwink are useful and commonplace. See, e.g., Whallon v. Lynn, 230 F.3d 450, 460 (1st Cir. 2000) (noting two experts testified "as to whether returning [the child] to Mexico would expose her to a grave risk of physical or psychological harm or otherwise place her in an intolerable situation"); Lockhart v. Smith, No. 06-cv-160-P-S, 2006 WL 3091295, at *2 (D. Me. Oct. 20, 2006) (noting "a licensed social worker with Community Concepts, interviewed [the children] . . . to follow up on an abuse allegation") (finding of fact in court's assessment of the Hague Convention's Article 13(b) Grave Risk Defense). Cf. Kufner v. Kufner, 519 F.3d 33, 37-38 (1st Cir. 2008) (noting "district court relied heavily on its court-appointed independent expert in pediatrics, child abuse, child sexual abuse, and child pornography" in assessing whether returning the children would expose them to a grave risk of physical or psychological harm). In short, Petitioner is asking this Court to enjoin Respondent from even attempting to gather the evidence necessary to present clear and convincing evidence of grave risk. Petitioner has provided absolutely no precedent for the type of restraining order he seeks and the Court does not believe such precedent exists.

In the Court's assessment, there is no evidence that irreparable harm will be done to the Children by allowing the evaluation to occur. Rather, the greatest chance for irreparable harm to

the Children at the center of this matter comes from uncertainty inherent in the current legal proceedings and any unnecessary delay in these proceedings. To prevent such harm, the Court urges Petitioner, Respondent and their respective counsel to communicate and work towards consensus on what is truly necessary to prepare for the upcoming hearing.

Having considered all of the relevant factors, the Court finds Petitioner is not entitled to the emergency injunctive relief sought in the Emergency Motion for Temporary Restraining Order (Docket # 19) and, therefore, DENIES the Motion.

SO ORDERED.

/s/ George Z. Singal
U.S. District Judge

Dated this 21st day of September, 2010.