# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SAVVAS CHARALAMBOUS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Docket no. 2:10-cv-375 |
| ) | |
| ELIZABETH ROHNERT ) | |
| CHARALAMBOUS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## PRE-HEARING ORDER & REPORT OF CONFERENCE

On October 1, 2010, the Court held a telephonic conference of counsel to prepare for the upcoming evidentiary hearing to be held on October 6, 2010 through October 8, 2010.

**Testimony by N.C.:** N.C. was listed on Petitioner's list of potential witnesses. At the conference, Petitioner indicated that he is no longer planning on calling N.C. as a witness. Because Respondent has not listed N.C. as a witness, the Court's present understanding is that neither side will seek to call this child as a witness. The Court had previously indicated it would consider utilizing the procedures followed in Falk v. Sinclair, 2009 WL 4110757 (D. Me. Nov. 23, 2009) for any testimony by N.C. At today's conference, the Court indicated that it is concerned that it would be harmful and unproductive to utilize the "Falk procedure" in light of the Spurwink report. To the extent either side wishes the Court to further consider taking testimony from N.C. in connection with the upcoming hearing, they shall file proposed questions under seal no later than noon on October 4, 2010. Absent a filing by this deadline, the Court will not attempt to take any testimony from N.C. at the upcoming hearing.

**Testimony by Videoconference:** At the conference, the parties listed witnesses from their respective witness lists that they expect to testify via videoconference from Cyprus. Petitioner listed nine witnesses and Respondent listed three witnesses. With agreement of the parties, the Court finds there is good cause, compelling circumstances and appropriate safeguards

1

for taking this testimony in accordance with Federal Rule of Civil Procedure 43(a). Absent the parties notifying the Court of some other agreement, the Court hereby ORDERS that Petitioner will present all of his remote witnesses on Wednesday, October 6, 2010. Respondent shall present all of her remote witnesses on Thursday October 7, 2010. On these respective days, the parties shall make arrangements for the videoconference center in Limassol to establish a connection with the Court's videoconference equipment no later than 8:30 AM. The parties are hereby notified that any unresolved technical issues will not serve as a basis for a continuance and the Court may refuse to hear testimony from any witness who does not appear at the appointed time.

**Use of Interpreters:** While neither side anticipates presenting any testimony by way of interpreter, both sides agreed to have an interpreter available at the hearing. The Court notes that any interpreter utilized at the hearing may be subject to voir dire and would need to be qualified in accordance with F.R.E. 604. If any witness is not prepared to testify in English and the parties do not have a qualified interpreter available, the witness may be excluded from testifying.

**Motion for Amendment of Scheduling Order (Docket # 23):** As explained at the conference, to the extent this Motion sought court approval for Petitioner and Respondent to present witnesses by videoconference on different days, that portion of the motion is GRANTED IN PART WITHOUT OBJECTION. The Court is not inclined to enter the sequestration order proposed by Respondent absent some evidence that the Court has authority to enter a sequestration order that would apply to a videoconference facility in Cyprus and some explanation as to how the Court would enforce the order. So, with respect to the sequestration request, the Motion is DENIED IN PART without prejudice to either side requesting the sequestration of live witnesses. Respondent is also free to renew this request for sequestration of remote witnesses if she finds authority for a federal court to enter such an order.

**Scheduling and Division of Time:** Given concerns that the parties will not complete presentation of evidence in the time allotted, the Court provides the following division of the allotted hearing time:

Petitioner shall have October 6, 2010 from 8:30 AM to 2:30 PM as well as an additional three hours on October 7, 2010.

Respondent shall have: October 8, 2010 from 8:30 AM to 2:30 PM as well as an additional three hours on October 7, 2010, which shall include 8:30 AM – 10:00 AM (as needed for remote witnesses).

SO ORDERED.

      /s/ George Z. Singal
     U.S. District Judge

Dated this 1st day of October, 2010.