UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SAVVAS CHARALAMBOUS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket no. 2:10-cv-375 |
| | ) |
| ELIZABETH ROHNERT CHARALAMBOUS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**ORDER ON PETITIONER'S EMERGENCY MOTION**

Before the Court are Respondent's Second Motion to Stay (Docket # 88) and Petitioner's Emergency Motion for Temporary Custody (Docket # 93). In light of the First Circuit's October 28, 2010 Order (Docket # 92) granting a stay pending appeal, the Court DENIES AS MOOT Respondent's Second Motion to Stay (Docket # 88). As to the Petitioner's Emergency Motion for Temporary Custody (Docket # 93), the Court hereby DENIES the Motion based on its conclusion that it lacks jurisdiction to provide the relief requested.

In this case, the Court has entered a final judgment (Docket # 68) and Respondent has filed a notice of appeal (Docket # 75).[1] In ordinary course, these procedural events divest this Court of jurisdiction. See Griggs v. Provident Consumer Dis. Co., 459 U.S. 56, 58 (1982) ("[I]t [is] generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the

---

[1] It is worth noting that Petitioner orally moved for temporary custody at the close of the evidentiary hearing on October 7, 2010. The Court's Findings of Fact & Conclusions of Law (Docket # 66) did not grant him that requested relief. To date, Petitioner has not appealed any portion of the Court's decision or specifically sought reconsideration or additional findings. In short, the issue of temporary custody was ruled upon by this Court in connection with its decision on the merits.

1

district court of its control over those aspects of the case involved in the appeal."); see also Rigby v. Damant, 486 F. Supp. 2d 222, 225 (D. Mass. 2007) (quoting Griggs in context of Hague case but then distinguishing the case as involving an interlocutory appeal).

This Court has also considered and declined to provide Respondent a stay pending appeal. (See Order on Respondent's Emergency Motions (Docket # 82).) In accordance with Federal Rule of Appellate Procedure 8(a)(2), Respondent then sought and received a stay pending appeal from the First Circuit. Given the First Circuit's stay and expedited briefing schedule, it now appears A.C. and N.C. will remain in the United States for at least an additional month while Respondent's appeal is briefed and decided. In short, the issue of temporary custody exists solely because of the stay in place while the First Circuit exercises its jurisdiction over the appeal.

Notably, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq., contemplates that a court "exercising jurisdiction" over a Hague petition "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a). Although Respondent's Emergency Motion does not reference this statute, it appears to seek relief pursuant to this provision of ICARA. Upon initial review, it is unclear that there is a factual basis for any such relief when neither party has chosen to present any facts by way of affidavit or otherwise admissible documentary proof. See 42 U.S.C. § 11604(b) (requiring a court to find "the applicable requirements of State law are satisfied" before "order[ing] a child removed from a person having physical control of the child"). In any event, this Court is not currently exercising jurisdiction over this matter and,

as a result, it appears that any relief that may be available under § 11604 would need to be obtained from the First Circuit.

Ultimately, any court-ordered solution to the issues raised in this latest round of motion papers is going to be hard for all involved. The Court reiterates its prior admonition: counsel are urged to confer with each other and their respective clients to find a mediated solution on temporary custody that first and foremost provides for the Children's safety and well being. To the extent no agreed-upon solution can be reached, Petitioner shall re-file his Motion before the First Circuit as a motion to modify the stay.

Finding it lacks jurisdiction, the Court hereby DENIES Petitioner's Emergency Motion for Temporary Custody (Docket # 93).

SO ORDERED.

                                                    /s/ George Z. Singal  
                                                    U.S. District Judge

Dated at Portland, Maine on this 29th day of October, 2010.